# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07-cr-32

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| BRYAN LEMONT WILSON. | ) | |
| | ) | |

**THIS CAUSE** coming on to be heard before the undersigned, pursuant to two letters sent by the defendant to the undersigned and to the District Court. Those letters were filed in the court file on August 20, 2007 and August 24, 2007. In the letters, the defendant appears to make two motions, one motion being for the substitution of counsel to represent the defendant and the other motion being a motion to be allowed to withdraw his plea of guilty. The undersigned determined to first hear the motion for substitution of counsel and then, depending upon the result of the hearing of that motion, to hear the motion of the defendant to be allowed to withdraw his plea of guilty. Upon the call of the matter, it appeared that the defendant was present and that his counsel, Ronald C. True was present, and that the Government was represented by Assistant United States Attorney Tom Ascik and from the statements of the defendant and his counsel, the court makes the following findings:

**Findings**. In the letter of the defendant, the defendant makes accusations against Mr. True regarding the entry of his plea of guilty which accuse Mr. True of misconduct. At the call of this matter, Mr. True advised the court that due to the accusations made by the defendant he and the defendant could not communicate whatsoever in regard to the matter

and stated he did not wish to communicate further with the defendant. Mr. True further stated that the Presentence Report had not been prepared by the United States Probation Office in regard to this matter and as a result it was his opinion that the motion of the defendant was timely and he further requested that the court order the appointment of substitute counsel to represent the defendant. The court made inquiry of the defendant as to whether or not he wished to be heard in regard to his reasons for requesting the substitution of counsel. The defendant complained that Mr. True would not answer telephone calls of his mother. The defendant further stated he wanted to see the evidence that the government had to present against him.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) Timeliness of the motion; (2) Inquiry as to the reasons why the defendant does not wish for Mr. True to represent him further; and (3) Whether or not there is such a conflict between the defendant and Mr. True that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

Considering the statements of Mr. True regarding the timeliness of the defendant's request and further considering that it appears that the defendant will also be requesting that he be allowed to withdraw his plea of guilty, it appears that the defendant's request is timely and therefore this factor will be weighed in favor of granting the defendant's request for substitution of counsel.

The undersigned inquired as to the reasons for the conflict between the defendant and his attorney. Based upon the accusations made by the defendant against Mr. True, the undersigned finds that Mr. True has good and valid reasons for not wishing to communicate with the defendant any further in regard to this matter. The accusations of the defendant are serious and would cause any counsel appointed for the defendant, who was accused of such acts, to desire to be allowed to be released from any obligation to represent the defendant. The reason given by the defendant that being that Mr. True would not communicate with the defendant's mother is not a valid reason for the substitution of counsel. Indeed, it shows ethical conduct on the part of Mr. True.

The court has further examined the matter to determine whether or not there is such conflict between the defendant and Mr. True that there is a total lack of communication between them preventing an adequate defense. Based upon the forthright statements of Mr. True it appears that such total lack of communication exist because of the accusations made by the defendant.

After weighing all of the evidence in regard to the above referenced factors, it appears

that good cause has been shown for the granting of the motion of the defendant for substitution of counsel.

**ORDER**

IT IS, THEREFORE, **ORDERED:**

1. That the motion of the defendant for substitution of counsel is hereby **ALLOWED;**

2. That the defendant's attorney Ronald C. True is hereby allowed to withdraw as attorney for the defendant and he is released from any obligation to represent the defendant any further in regard to this matter;

3. That the Federal Defender appoint substitute counsel for the defendant;

4. That the motion of the defendant to be allowed to withdraw his plea of guilty is hereby **CONTINUED** and will be heard after substitute counsel has been appointed to represent the defendant.

Signed: September 18, 2007

Dennis L. Howell
United States Magistrate Judge