# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00365-MR
# [CRIMINAL CASE NO. 1:07-cr-00032-MR-6]

| | |
|---|---|
| BRYAN LEMONT WILSON, )<br>)<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[1] [Doc. 3]. Petitioner Bryan Lemont Wilson is represented by Ann L. Hester of the Federal Defenders of Western North Carolina. Petitioner moves this Court to vacate his 210-month sentence based on Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), and the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In response to the motion to vacate, the Government has waived the one-year statute of

---

[1] Petitioner also initially sought, in the motion to vacate, alternative relief under 28 U.S.C. § 2241, and under the writs of error *coram nobis* and *audita querela*. On January 31, 2013, Petitioner voluntarily dismissed his claims for alternative relief. [Doc. 4].

limitations and further declines to enforce the post-conviction waiver in Petitioner's plea agreement. Accordingly, the Government concedes that Petitioner is entitled to be resentenced in accordance with Simmons.

I. BACKGROUND

On April 3, 2007, the Grand Jury for the Western District of North Carolina charged Petitioner, along with five co-defendants, with conspiracy to possess with intent to distribute fifty or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841 and 846. [Criminal Case No. 1:07-cr-00032-MR-6, Doc. 1: Indictment]. Following Petitioner's Indictment, the Government filed an information, in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to seek enhanced penalties under the Controlled Substances Act based on Petitioner's prior convictions for two drug offenses. [Id., Doc. 56: Information]. Specifically, Petitioner had two prior convictions for possession of cocaine in North Carolina Superior Court for Cleveland County, one in 1999 and the second one in 2001. [Id.]. After Petitioner agreed to plead guilty to the charges in the Indictment, the Government filed an amended Section 851 notice, listing only the 2001 felony possession of cocaine conviction.[2] [Id., Doc. 97: Amended Information].

---

[2] The Government's memorandum and the Amended Section 851 notice both state

2

Consistent with his plea agreement, Petitioner pled guilty to the drug conspiracy charge on October 15, 2007. [Id., Doc. 90: Plea Agreement; Doc. 99: Entry and Acceptance of Guilty Plea].

In preparation for sentencing, the probation officer prepared a presentence investigation report ("PSR"), calculating a guidelines range of 120 to 150 months in prison, based on a total offense level of 27 and a criminal history category of V, but noting that Petitioner faced a statutory, mandatory minimum sentence of 240 months in prison in light of the Government's amended Section 851 notice, and pursuant to 21 U.S.C. § 841(b)(1)(A). [Doc. 2-1 at ¶¶ 66; 67: PSR]. Before sentencing, the Government filed a motion for downward departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e), to reflect Petitioner's substantial assistance. [Criminal Case No. 1:07-cr-00032-MR-6, Doc. 114: Motion for Downward Departure]. In the motion, the Government sought a departure to an equivalent range of 210 to 262 months in prison, based on an offense level of 33 and a criminal history category of V. [Id. at 3].

---

that the prior conviction was from August 31, 2002. [See Criminal Case No. 1:07-cr-32-MR-6, Doc. No. 97 at 1]. However, the state court judgment shows that the prior conviction was entered on August 31, 2001, not on August 31, 2002. [See Doc. No. 5-2 at 2]. The presentence investigation report, which is attached as an exhibit to Petitioner's motion to vacate, also states in the criminal history section that the conviction was entered on August 31, 2001. [See Doc. No. 2-1 at ¶ 41].

At Petitioner's sentencing held on January 29, 2008, this Court adopted the PSR and granted the Government's motion for downward departure. See [Id., Doc. 123: Statement of Reasons]. Consistent with the Government's recommendation, the Court sentenced Petitioner to 210 months in prison. [Id., Doc. 122: Judgment]. This Court entered its judgment on February 8, 2008, and Petitioner did not appeal. [Id.]. On November 15, 2012, Petitioner, through counsel, filed the instant motion to vacate his sentence.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, and because the Government concedes that Petitioner is entitled to relief, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Ordinarily, a Section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. §

2255(f)(1).  Petitioner's Section 2255 motion was filed more than one year after the judgment against him became final, and it is therefore untimely.  In addition, Petitioner waived his right to challenge his guilty plea in his plea agreement.  The Government, however, has declined to enforce the appellate waiver provision as it pertains to the <u>Simmons</u> defense and further has agreed to waive the statute of limitation defense.  Accordingly, the Court will reach the merits of Petitioner's Section 2255 motion.  See <u>Wood v. Milyard</u>, 132 S. Ct. 1826, 1834 (2012) ("A court is not at liberty . . . to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); <u>United States v. Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005) (stating that, where the Government expressly elects not to enforce waiver provision, the court may decline to consider it).

Section 851 of Title 21 of the United States Code provides for enhanced sentences based on any prior "felony drug offense."  21 U.S.C. § 851.  That term is defined in section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]."  21 U.S.C. § 802(44).  In <u>Simmons</u>, the Fourth Circuit held that an offense qualifies as a "felony drug offense" only if the individual defendant could have received a sentence of more than one year in prison.  See <u>Simmons</u>, 649 F.3d at 247.  In so doing,

the Fourth Circuit overruled its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which it had held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Thus, under Simmons, for purposes of a qualifying predicate conviction under the Controlled Substances Act, a prior conviction is not "punishable for a term exceeding one year," unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act. Moreover, the Fourth Circuit recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, 735 F.3d 141 (4th Cir. 2013).

As noted, Petitioner's sentence was enhanced based on his 2001 conviction in North Carolina state court for felony possession of cocaine. See [Doc. 5-2 at 2]. The Government concedes that, under the North Carolina Structured Sentencing Act, Petitioner could not have received a term exceeding one year for his prior conviction. The Government further states that, although this Court had discretion to depart from the mandatory twenty-year sentence in light of the Government's motion for downward departure, the departure was calculated by reference to the erroneously

6

applied mandatory minimum sentence and the Court's discretion was limited to departing based only on Petitioner's substantial assistance. The Government states that because application of the mandatory minimum deprived this Court of discretion, Petitioner was sentenced in violation of the Due Process Clause, as established in <u>Hicks v. Oklahoma</u>, 447 U.S. 343 (1980). Accordingly, the Government asks that this Court grant Petitioner's motion to vacate and that this Court resentence Petitioner without application of the 240-month mandatory minimum sentence that applied before this Court departed downward based on Petitioner's substantial assistance.

This case illustrates well the effect of the statutory mandatory minimum, even though the Petitioner received a sentence below that minimum. Based on all factors apart from the mandatory minimum Petitioner was determined to have a total offense level of 27. The Government moved to depart *downward* to a range based on a total offense level of 33, six levels *higher* than Petitioner's actual level. Since the statutory mandatory minimum had such an effect on Petitioner's sentence, and that mandatory minimum is no longer correctly applied under <u>Simmons</u> and <u>Miller</u>, the Court will grant Petitioner's motion and vacate his

sentence. Petitioner will be resentenced without reference to the increased mandatory minimum pursuant to §851.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's Section 2255 petition, and Petitioner shall be resentenced in accordance with this Order.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate under 28 U.S.C. § 2255 [Doc. 3] is **GRANTED** and his sentence if **VACATED** and Petitioner shall be resentenced in accordance with this Order.

**IT IS FURTHER ORDERED** that:

1. The United States Marshal shall have the Defendant present in Asheville, North Carolina, for the April, 2014 sentencing term;
2. The Clerk of Court shall calendar this matter for that term; and
3. The United States Probation Office shall provide the Court with a supplemental presentence report in advance of the resentencing hearing.

The Clerk of Court is directed to provide notification and/or copies of this Order to the United States Attorney, counsel for the Petitioner, the United States Marshals Service, and the United States Probation Office.

**IT IS SO ORDERED.**  Signed: January 29, 2014

Martin Reidinger
United States District Judge